**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**GREGORY JENKINS**                                                                 **PLAINTIFF**

**VS.**                                                        **Civil Action No. 3:05-cv-608 WS**

**NATTYO GRAY, ET AL.**                                                      **DEFENDANTS**

<u>**ORDER GRANTING MOTION TO DISMISS**</u>

Before the court is plaintiff Gregory Jenkins' [hereinafter Jenkins] motion asking

the court to grant him a forty-five (45) day extension of time for designation of experts

[docket # 12].  Also before this court is defendants' motion to dismiss [docket # 13].

Plaintiff herein is Gregory Jenkins, who after being arrested, charged and found not

guilty on a state law charge of Driving Under the Influence (DUI) of an intoxicant, has

filed lawsuit against the arresting police officer, the City of Jackson, Mississippi, its

Mayor and Police Chief.  For the reasons stated herein, this court dismisses from this

lawsuit all of the defendant parties except the arresting officer.  Further, the court grants

plaintiff's motion to amend.  The court's reasoning is set out below.

**<u>Facts and Procedural Background</u>**

Plaintiff Jenkins is an adult resident of Hinds County, Mississippi.  On or about

June 5, 2004, Jenkins was traveling in a 2005 Toyota Camry in the City of Jackson,

Mississippi.  Jenkins contends he was a passenger.  Defendants dispute this and allege

that Jenkins was identified as the driver of the Camry.  The Camry was involved in a

motor vehicle accident at the intersection of Highway 80 and Robinson Road.

The Jackson Police Department [hereinafter JPD] was notified of the accident

and defendant Police Officer Nattyo Gray [hereinafter Gray] was dispatched to the

scene of the accident, along with Officers Keith R. Dowd and Anthony Sims, who are

not named defendants in this action.  *See* Accident Report, attached as exhibit to

defendant's Motion to Dismiss.  The officers discovered open containers of alcohol in

the Camry and observed Jenkins to be visibly intoxicated.  *Id.*  Witnesses at the scene

and rescue personnel supposedly identified Jenkins to the officers as the driver.  *Id.*

Officer Dowd advised Jenkins of his Miranda rights.  Jenkins denied being the driver,

claiming to have been a back seat passenger.  *Id.*  Jenkins admitted at the scene to

having consumed alcohol but verbally refused the sobriety tests, or Intoxilyer 5000.  *Id.*

Officers arrested Jenkins for driving under the influence (DUI) - 1st Offense -

Refusal.  *Id.* Jenkins was transported to the City Jail and the car was impounded.  *Id.*

Jenkins does not dispute the facts contained within the accident report except to

maintain that he was a passenger rather than the driver.  Complaint, ¶ 12.  Jenkins

further contends that his family, including a minor child, were left stranded on the

roadside "in a high crime area between the hours of 11:00 p.m. and 12:00 a.m." by the

officers.  *Id.* at ¶ 14.

Jenkins eventually was found not guilty of the charges.  *Id.* at ¶ 15.  Jenkins

charges that as a result of the false arrest his driver's license was suspended for ninety

days and this prevented him from working in his occupation as a driver for Coca-Cola.

*Id.* at ¶ 16.  Jenkins says he was forced to hire an attorney and incur legal expenses,

and suffered "extreme physical and emotional injury, embarrassment, mental anguish,

shame and humiliation, as these events occurred in the presence of Jenkins' family and

children."  *Id.* at ¶¶ 19-21.

Jenkins filed suit on October 6, 2005, against defendants City of Jackson and

named individuals for alleged violation of his Fourth Amendment[1] rights and for state

law claims of malicious prosecution, abuse of process, and intentional and/or negligent

infliction of emotional distress.  *Id.* Jenkins seeks actual, compensatory, and punitive

damages in an unspecified amount, as well as reasonable costs and attorney fees.

Officer Gray and other unnamed officers and/or city employees, Mayor Frank Melton

["Melton"], and Police Chief Shirlene Anderson are each sued individually and in their

official capacity.

### Jurisdiction

This court has jurisdiction over the Jenkins' claim for violation of his Fourth

Amendment rights, brought under Title 42 U.S.C. § 1983,[2] pursuant to Title 28 U.S.C.

---

[1]The Fourth Amendment to the United States Constitution provides:  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

[2]Title 42 U.S.C. § 1983 permits civil suit for deprivation of a right, privilege or immunity under the United States Constitution and laws, when such deprivation occurs under color of state law.

§1331[3] and § 1343.[4]  The court holds jurisdiction over the state law claims pursuant to

Title 28 U.S.C. § 1367.[5]  Venue is proper in the Jackson Division of the Southern

District of Mississippi pursuant to Title 28 U.S.C. § 1391[6] in that all pertinent events took

place in Jackson, Mississippi, and the defendants are residents of the Southern District

of Mississippi.

## Motion to Dismiss Based on Immunity

Defendants filed this motion to dismiss on February 21, 2006.  To date, plaintiff

has not filed a response.  Nevertheless, on September 06, 2006, this court heard oral

arguments by the parties and rendered a bench opinion consistent with this written one.

## Probable Cause as a Defense to § 1983 Claims

In order for Jenkins to prevail against Gray and/or other JPD officers under

§1983 on his claims of false arrest, malicious prosecution, or intentional infliction of

emotional distress, plaintiff must show that defendants did not have probable cause to

arrest him.  Probable cause exists when the totality of the circumstances known at the

time of the arrest are sufficient to support a reasonable belief that the suspect had

---

[3]Title 28 U.S.C. § 1331 grants the district courts original jurisdiction of any civil action brought under the United States Constitution or laws.

[4]Title 28 U.S.C. § 1343 in pertinent part grants the district courts original jurisdiction of any civil action arising from a deprivation or conspiracy under color of state law  to violate a citizen's Constitutional right or a Congressional Act providing for equal rights of persons within the United States jurisdiction.

[5]Title 28 U.S.C. § 1367 permits the district courts to exercise jurisdiction over state law claims which are so related to the federal law claims over which the court holds original jurisdiction that they form part of the same case or controversy.

[6]Title 28 U.S.C. § 1391(b)(1) and (2) permit a case not founded solely on diversity to be brought where either a defendant resides, if all defendants reside within the state, or where a substantial part of the events giving rise to the claim took place.

committed the offense.  *Haggerty v. Southern Texas Univ.*, 391 F.3d 653, 655-56 (5th

Cir. 2004) (internal cites omitted).  Probable cause is determined based on the facts as

known at the time, not on facts that may be subsequently developed.  *Keen v. Simpson*

*County*, 904 So.2d 1157, 1161 (Miss. Ct. App. 2004) (citing *Ellis v. State*, 573 So.2d

724, 726 (Miss. 1990).  Where probable cause exists for an arrest, a suit will not lie

even if the defendant is later found not guilty.  *Id*. (internal cites omitted).

    At the time of the arrest, Jenkins reportedly appeared visibly intoxicated and

refused the sobriety test.  Although Jenkins denied being the driver, eyewitnesses

supposedly  identified him as the driver and, say the defendants, Jenkins did not

identify any other individual as the driver.

    Ordinarily, these "facts" would clothe the officers' actions with probable cause.

But here, these "eyewitnesses" identifying Jenkins as the driver have not been named.

They are mentioned in second-hand reports.  This court, then, cannot find it factually

shown that these "eyewitnesses" actually came forth.  Accordingly, this court must deny

defendants' motion for dismissal of Officer Gray from this lawsuit at this time.

### Respondeat Superior and Municipal Liability

    Jenkins' claims against Mayor Melton and Chief Anderson are based on their

role as supervisory officials.  Under § 1983, supervisory officials are liable only where

the plaintiff can show either 1) a personal involvement in the constitutional deprivation,

or 2) a sufficient causal connection between the supervisor's wrongful conduct and the

constitutional violations.  *Thompkins v. Belt*, 82 F.2d 298, 303-04 (5th Cir. 1987).  No

evidence exists to show that Mayor Melton or Chief Anderson had any personal

knowledge or involvement with the events giving rise to this cause of action, or that either engaged in wrongful conduct giving rise to Jenkins' alleged constitutional violations.

To prevail against a governmental entity under § 1983, a plaintiff must show that an official custom, policy, or practice of the entity authorized or condoned the wrongful act. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978).  Jenkins has not cited any official custom or policy of the City of Jackson that would be a proximate cause of Jenkins' alleged wrongful arrest and prosecution.

## Liability of Fictitious Officers

Plaintiff also sues John Does 1-5.  He filed his complaint on October 06, 2005, yet to date he has not substituted any actual defendants for these fictitious ones.  the court hereby dismisses these fictitious defendants from this lawsuit.  *Richard v. City of Harahan*, 6 F. Supp.2d 565, 575 (E.D. La, 1998); *Jones v. St. Tammany Parish Jail*, 4 F. Supp.2d 606, 610 (E.D. La. 1998); *see also Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3rd. Cir. 1998);  *Brown v. City of Bloomington*, 280 F. Supp.2d 889, 892 (D. Minn. 2003);  *Awdish v. Pappas*, 159 F. Supp.2d 672, 673 (E.D. Mich., S. Div., 2001).

## Conclusion

For the reasons enunciated above, this court hereby dismisses from this lawsuit defendants John Does 1-5;  Police Chief Shirlene Anderson (individually and in her official capacity);  Mayor Frank Melton (individually and in his official capacity);  and the City of Jackson, Mississippi.  Defendants' motion relative to Officer Nattyo Gray is

denied.

      **SO ORDERED,** this the 19th day of September, 2006.

                        **s/ HENRY T. WINGATE**
                        **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:05cv608WS
Order Granting Motion to Dismiss