**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

GREGORY JENKINS                                                                                    PLAINTIFF

vs.                                                                      Civil Action No. 3:05-cv-608-HTW-LRA

NATTYO GRAY                                                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

Before this court is a motion for summary judgment filed by the defendant pursuant to Rules 56(b)[1] and (c),[2] Federal Rules of Civil Procedure. The defendant here is Nattyo Gray, a police officer employed by the City of Jackson, Mississippi, Police Department. The plaintiff, Gregory Jenkins, asserts constitutional and state law

---

[1] Fed. R. Civ. P. 56(b) provides that "a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim."

[2] Fed. R. Civ. P. 56(c) states, in pertinent part, that "the judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

1

claims against Gray, who arrested plaintiff for driving under the influence of alcohol, a charge which required plaintiff to answer a misdemeanor charge in Municipal City Court, where plaintiff was acquitted. In the motion before the court [Docket # 25], Gray challenges all of plaintiff's claims principally under the Doctrine of Qualified Immunity. Agreeing entirely with defendant's motion, this court hereby grants same for the reasons which follow.

## II.  Statement of Relevant Facts

The parties collide here based upon the events surrounding a car accident between a car in which plaintiff was riding, a 2005 Toyota Camry, and a vehicle driven by Denise Weathersby ("Weathersby"). Plaintiff owned the 2005 Toyota Camry which also held Timothy Ford ("Ford"), Tonekia Newsome ("Newsome") and plaintiff's minor child.

The two vehicles in question collided on or about June 5, 2004. The accident occurred at the intersection of Highway 80 and Robinson Road in Jackson, Mississippi.

The Jackson Police Department ("JPD") received notice of the accident and dispatched defendant Police Officer Nattyo Gray ("Officer Gray") to the accident scene along with Officer Keith R. Dowd ("Officer Dowd") and Officer Anthony Sims, who are not named in this action. The officers discovered open containers of alcohol in the Camry and observed Jenkins to be visibly intoxicated. Witnesses at the scene, including Weathersby and rescue personnel, then identified Jenkins to the officers as the driver of the Camry. Ford and Newsome, disagreeing, informed Officer Gray that although the Camry belonged to Jenkins, Timothy Ford had been driving the Camry at the time of the accident.

Convinced that plaintiff had been driving the Camry at the time of collision, Officer Dowd advised plaintiff Jenkins of his Miranda Rights. Jenkins claims to have then reiterated to the officers that he had not been the driver of the Camry but, instead, had been merely a back seat passenger. Jenkins admitted to the officers, however, that he had consumed alcohol prior to the accident, but he refused to take sobriety tests.

The police officers then arrested Jenkins for driving under the influence ("DUI"), a violation of Miss. Code Ann. § 63-11-30 (2008). The officers subsequently transported Jenkins to the city jail and impounded the Camry. Jenkins does not dispute the facts contained within the police officers' accident report, except to maintain that he was a back seat passenger rather than the driver on the night in question. Jenkins further contends that the police left his family, including his minor child, stranded on the roadside "in a high crime area between the hours of 11:00pm and 12:00am."

Jenkins eventually was found not guilty of the DUI charge. According to Jenkins, as a result of his alleged false arrest, his driver's license was suspended for ninety days, a suspension which prevented him from working in his occupation as a driver for Coca-Cola. Further, says Jenkins, he was forced to hire an attorney and to incur legal expenses, during which time he suffered extreme physical and emotional injury, embarrassment, mental anguish, shame and humiliation, as these events occurred in the presence of Jenkins' family and children.

Officer Gray now moves this court for summary judgment, arguing that the

plaintiff's Title 42 U.S.C. § 1983[3] false arrest, excessive force, and malicious prosecution claims are all barred by the Doctrine of Qualified Immunity. Officer Gray asserts further that Jenkins' state law claims against Officer Gray in his individual capacity should be dismissed with prejudice under the same analysis. This court agrees.

### III.   Officer Nattyo Gray's Summary Judgment Motion

#### A.   Summary Judgment Motion Standard

The court should grant Officer Gray's summary judgment motion if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [Officer Gray] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). In determining whether there exists a genuine dispute as to any material fact, the court must consider all of the evidence in the record but refrain from making any credibility determinations or weighing the evidence. *Id.* (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)). The court makes all reasonable inferences in favor of the non-moving party, *Reeves*, 530 U.S. at 150; "however, a party cannot defeat summary judgment with conclusory allegations,

---

[3]Title 42 U.S.C. § 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

unsubstantiated assertions, or only a scintilla of evidence." *Turner,* 476 F.3d at 343.

### B. Qualified Immunity Under Title 42 U.S.C. § 1983

The Fifth Circuit has endorsed a two-step approach to analyze qualified immunity claims. *Haggerty v. Tex. So. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). First, courts must "consider whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right." *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001)). If the plaintiff's allegations establish a constitutional violation, the court then asks whether the right was clearly established – that is, whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Haggerty*, 391 F.3d at 655 (internal quotations omitted). "If, upon viewing the evidence in the light most favorable to the plaintiff, reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity." *Id.* (citing *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997)). "This inquiry is an objective one, not dependant on the particular officer's subjective beliefs." *Haggerty*, 391 F.3d at 655 (citing *Anderson v. Creighton*, 483 U.S. 635, 107 S. Ct. 3034, 3040, 97 L. Ed. 2d 523 (1987)).

### 1. False Arrest Under § 1983

In order to succeed on his § 1983 false arrest claim, Jenkins must prove that Officer Gray did not have probable cause to arrest him. *See Haggerty*, 391 F.3d at 655. Probable cause exists when the totality of the circumstances within a police officer's knowledge at the moment of arrest is sufficient for a reasonable person to

conclude that the suspect had committed or was committing an offense. *Id.* at 655-56. The arresting officer need only know with "fair probability" that the defendant committed the [crime], which requires more than a "bare suspicion" but less than a preponderance of evidence. *U.S. v. Watson*, 273 F.3d 599, 602-03 (citing *U.S. v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999)). Therefore, if a reasonable officer in Officer Gray's position could have believed, in light of the totality of the facts and circumstances of which Officer Gray was aware at the time he arrested Jenkins, that there was a fair probability Jenkins had been driving under the influence of alcohol, Officer Gray is entitled to qualified immunity. *See Watson*, 273 F.3d at 602-603; *see also Haggerty*, 391 F.3d at 656. "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Id.* (citing *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000)). As above shown, Jenkins must clear a significant hurdle to defeat Officer Gray's qualified immunity. *See Haggerty*, 391 F.3d at 656.

Officer Gray arrested Jenkins for driving under the influence of alcohol. When Officer Gray arrived on the accident scene, Weathersby and other bystanders indicated to Officer Gray that Jenkins had been the driver of the Camry at the time of the collision. Even though Ford and Newsome, friends of Jenkins, had informed Officer Gray that Ford, and not Jenkins, had been driving the Camry prior to the accident with Weathersby, the Officer was not required to accept these statements, but was free to measure the witnesses' credibility as afforded by the pertinent circumstances. Jenkins was the only visibly and admittedly intoxicated adult in the Camry. Others pointed to him as having been the driver. He owned the vehicle and his supporters were closely

allied with him.

The City of Jackson Municipal Court subsequently dismissed Jenkins' driving under the influence charge after Officer Gray failed to appear at the proceedings. Jenkins asserts the dismissal of his DUI charge mandates this court to find that Officer Gray arrested him without probable cause. Jenkins is mistaken. That dismissal of Jenkins' DUI charge alone does not dictate this court's analysis whether Officer Gray had probable cause to arrest Jenkins. Viewing the totality of these circumstances, from the perspective of a reasonable officer in Officer Gray's position, this court finds that Officer Gray is entitled to qualified immunity from Jenkins' § 1983 false arrest claim. *Id.* 657-58.

### 2. Excessive Force Under § 1983

Jenkins' complaint also asserts a Title 42 U.S.C. § 1983 excessive force claim. Under applicable Fifth Circuit jurisprudence, Jenkins must prove "that he was seized and that he 'suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force was objectively unreasonable.'" *Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006) (citing *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)). The record before the court does not support Jenkins' claim for excessive force. Jenkins' complaint offers no evidence that Officer Gray used force at all in arresting Jenkins.

### 3. Malicious Prosecution Under § 1983

The Fifth Circuit has held that "malicious prosecution standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law."

*Haggerty*, 391 F.3d at 658. Jenkins' Title 42 U.S.C. § 1983 false arrest and excessive force claims fail as a matter of law; therefore, Jenkins' malicious prosecution claim, the only remaining federal claim, must also be dismissed. *Id.*

### IV.  Officer Nattyo Gray's Motion To Dismiss Gregory Jenkins' State Law Claims

Jenkins also asserts Mississippi state law claims against Officer Gray in both his official and individual capacities. Under the Mississippi Tort Claims Act ("the MCTA"), governmental employees may be sued only as official representatives of the political subdivisions for which they are employed. *See* M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. § 11-46-7(2);[4] *In Re Foust*, 310 F.3d 849, 863 (5th Cir. 2002). "No employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." *Id.* (quoting M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. § 11-46-7(2)). "Only fraud, malice, libel, slander, defamation, and criminal offenses fall outside the 'course and scope' of employment and create personal liability[.]" *In Re Foust*, 310 F.3d at 863.

Jenkins has failed to allege facts that would allow this court to find that Officer Gray's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense. Officer Gray's investigation of the collision and his arrest of Jenkins were in the course and scope of his police duties; therefore, Officer Gray may not be held

---

[4] M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. § 11-46-7(2) states, in pertinent part:

> An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties [...] An employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation, or any criminal offense.

personally liable for his actions under Mississippi state law.  This court, then, dismisses Jenkins' state law claims against Officer Gray in their entirety.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Nattyo Gray's motion for summary judgment on the plaintiff's Title 42 U.S.C. § 1983 claims is granted, and that the plaintiff's Mississippi state law claims against Nattyo Gray are also dismissed with prejudice.  The court, in accordance with the local rules, will enter a Final Judgment.

**SO ORDERED, this the 5th day of June, 2008.**

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:05-cv-608 HTW-LRA
Memorandum Opinion and Order